MCH

DJB: USAO#2016R00622

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

CLERK'S OFFICE
AT BALTIMORE

BY _____ DEPUTY

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL NO. CCB-18-018** |
| | **(Conspiracy to Manufacture,** |
| **v.** | **Distribute, and Possess with the Intent** |
| | **to Distribute Alprazolam, 21 U.S.C.** |
| **RYAN FARACE and** | **§ 846; Distributing and Possessing with** |
| **ROBERT SWAIN** | **the Intent to Distribute Alprazolam, 21** |
| | **U.S.C. § 841; Maintaining Drug-** |
| | **Involved Premises, 21 U.S.C. § 856;** |
| **Defendants.** | **Conspiracy to Commit Money** |
| | **Laundering, 18 U.S.C. § 1956; Aiding** |
| | **and Abetting, 18 U.S.C. § 2;** |
| | **Forfeiture, 21 U.S.C. § 853, 18 U.S.C.** |
| | **§ 982, 28 U.S.C. § 2461)** |

\*\*\*\*\*

### SUPERSEDING INDICTMENT

### COUNT ONE

**(Conspiracy to Manufacture, Distribute, and Possess with Intent to Distribute Alprazolam)**

The Grand Jury for the District of Maryland charges that at all times relevant to this Indictment:

1.      Defendant **RYAN FARACE** is a resident of Maryland.

2.      From at least November 2013 continuing to in or about June 2016, Defendant **RYAN FARACE** resided at 3 William Court, Sparks, Maryland, and from in or about June 2016 to the present, Defendant **RYAN FARACE** has resided and continues to reside at 2303 Knox Avenue, Reisterstown, Maryland.

3.      Defendant **RYAN FARACE** has no known medical education, qualifications, or licensing in the State of Maryland or elsewhere.

1

DJB: USAO#2016R00622

4.      The Controlled Substances Act governs the manufacture, distribution, and possession of controlled substances in the United States, including narcotics that are prescribed by physicians and other licensed health care providers.  The Controlled Substances Act and its implementing regulations set forth which drugs and other substances are "controlled substances." Controlled substances are assigned to one of five schedules, Schedule I, II, III, IV, or V, depending on their potential for abuse, likelihood of physical or psychological dependency, accepted medical use, and accepted safety for use under medical supervision.

5.      Title 21, United States Code, Section 841(a)(1), provides that "[e]xcept as authorized by this subchapter, it shall be unlawful for any person to knowingly or intentionally . . . manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance."

6.      Title 21, United States Code, Section 802(15), provides that the term "manufacture" means "the production, preparation, propagation, compounding, or processing of a drug or other substance, either directly or indirectly . . . and includes any packaging or repackaging of such substance or labeling or relabeling of its container; except that such term does not include the preparation, compounding, packaging, or labeling of a drug or other substance in conformity with applicable State or local law by a practitioner as an incident to his administration or dispensing of such drug or substance in the course of his professional practice."

7.      Title 21, United States Code, Section 802(11), provides that the term "distribute" means to "deliver . . . a controlled substance or a listed chemical."

8.      Alprazolam is a synthetic analgesic that is classified as a Schedule IV controlled substance.  It is available in generic form, but is typically sold under the brand name "Xanax."

2

DJB: USAO#2016R00622

9.      Bitcoin is a form of digital currency (that is, a currency with an electronic-sourced unit of value).  Unlike fiat currencies, such as the United States Dollar, Bitcoin do not exist in any physical form.  Bitcoin exist solely as entries on a publicly available electronic ledger that records all Bitcoin transactions ever conducted.  Unlike most fiat currency, Bitcoin is not issued or controlled by any government, bank, or company, but rather is generated and controlled automatically through computer software operating on a decentralized, "peer-to-peer" network. Bitcoin is a convertible currency meaning that it has an equivalent value in fiat or convential currency, and users can exchange it for fiat currency.  The exchange rate for Bitcoin is not determined by any government or centralized entity, but rather floats on the open market.

10.     The term "dark-web" is a term used to refer to the portion of the internet that can only be accessed through encrypted means.

11.     A "dark-web marketplace" is a marketplace on the dark web that individuals can use to buy and sell narcotics, among other illegal things.

12.     Users of dark-web marketplaces typically use Bitcoin or other digital currency as the means of payment for their transactions.

## The Charge

13.     Beginning no later than November 2013 and continuing through at least in or around June 2017, the Defendant,

### RYAN FARACE,

knowingly and willfully combined, conspired, confederated, and agreed with others known and unknown to the Grand Jury, to manufacture, distribute, and possess with the intent to distribute alprazolam, a Schedule IV controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

3

DJB: USAO#2016R00622

## Manner and Means of the Conspiracy

14.     It was part of the conspiracy that Defendant **RYAN FARACE** purchased narcotics manufacturing equipment, including pill presses and counterfeit "Xanax" pill molds through the internet.

15.     It was further part of the conspiracy that Defendant **RYAN FARACE** purchased loose alprazolam powder.

16.     It was further part of the conspiracy that Defendant **RYAN FARACE** pressed the loose alprazolam powder into tablet or pill form, which he intended to resemble legitimate brand name "Xanax" pills because the pills were stamped "Xanax" on one side.

17.     It was further part of the conspiracy that Defendant **RYAN FARACE** solicited orders for alprazolam pills on dark-web marketplaces, and sold alprazolam pills directly to buyers with whom he communicated through encrypted electronic messages.

18.     It was further part of the conspiracy that Defendant **RYAN FARACE** shipped completed orders of alprazolam pills through the U.S. Postal Service.

19.     It was further part of the conspiracy that Defendant **RYAN FARACE** paid the postage for some of the packages of alprazolam that he shipped using pre-paid debit cards that he obtained in the names of other people, including the individuals with the initials D.H. and D.G.

20.     It was further part of the conspiracy that Defendant **RYAN FARACE** received Bitcoin in exchange for the alprazolam pills that he sold.

21 U.S.C. § 846

DJB: USAO#2016R00622

## COUNTS TWO, THREE AND FOUR

### (Distributing and Possessing with the Intent to Distribute Alprazolam)

The Grand Jury for the District of Maryland further charges that:

1.     Paragraphs 1-12 and 14-20 of Count One are incorporated here.

2.     As set forth in the table below, on or about the following dates in the District of Maryland and elsewhere, the Defendant,

### RYAN FARACE,

knowingly and intentionally distributed and possessed with the intent to distribute a quantity of alprazolam, a Schedule IV controlled substance.

| Count | Date | Quantity |
|-------|------|----------|
| 2 | May 10, 2016 | 5,413 pills |
| 3 | November 15, 2016 | 1,180 pills |
| 4 | January 31, 2017 | 341 pills |

21 U.S.C. § 841(a)(1)
21 U.S.C. § 2

DJB: USAO#2016R00622

## COUNT FIVE

### (Maintaining Drug-Involved Premises)

The Grand Jury for the District of Maryland further charges that:

1.       Paragraphs 1-12 and 14-20 of Count One are incorporated here.

2.       From at least in or around November 2013, and continuing until on or about

February 14, 2017, in the District of Maryland, the Defendant,

### RYAN FARACE,

knowingly and intentionally rented, used, and maintained a place, located at 3 William Court,

Sparks, Maryland, permanently and temporarily, for the purpose of manufacturing, distributing,

and possessing with the intent to distribute alprazolam, a Schedule IV controlled substance.

21 U.S.C. § 856(a)(1)
18 U.S.C. § 2

DJB: USAO#2016R00622

## COUNT SIX

### (Money Laundering Conspiracy)

The Grand Jury for the District of Maryland further charges that, at all times relevant to this Indictment:

1.  Paragraphs 1-12 and 14-20 of Count One are incorporated here.

2.  Defendant **ROBERT SWAIN** is a resident of Maryland.

### The Charge

3.  From at least July 2015 until in or around February 2017, the Defendants,

**RYAN FARACE and
ROBERT SWAIN,**

knowingly combined, conspired, confederated, and agreed with persons known and unknown to the Grand Jury to conduct and attempt to conduct financial transactions having an effect on interstate commerce which involved the proceeds of specified unlawful activity — to wit, conspiracy to manufacture, distribute, and possess with the intent to distribute alprazolam, in violation of Title 21, United States Code, Section 846, and distribution and possession with the intent to distribute alprazolam, in violation of Title 21, United States Code, Section 841 — while knowing that the property involved in the financial transactions represented the proceeds of some form of unlawful activity and knowing that the transactions were designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of said specified unlawful activity, in violation of 18 U.S.C. § 1956(a)(1)(B)(i).

18 U.S.C. § 1956(h)

7

DJB: USAO#2016R00622

## FORFEITURE

The Grand Jury for the District of Maryland further charges that:

1.       Pursuant to Rule 32.2, notice is hereby given to the Defendants that the United States will seek forfeiture as part of any sentence in accordance with Title 21, United States Code, Section 853, in the event of the Defendants' convictions under Counts One through Six of this Indictment.

### Narcotics Forfeiture

2.       Pursuant to Title 21, United States Code, Section 853(a), upon conviction of an offense in violation of the Controlled Substances Act, as alleged in Counts One through Five, the Defendant,

### RYAN FARACE,

shall forfeit to the United States of America:

a.       any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of such violation; and,

b.       any property used, or intended to be used, in any manner or part, to commit, or facilitate the commission of, such violation.

3.       The property to be forfeited includes, but is not limited to, the following:

a.       All Bitcoins or other digital currency furnished or intended to be furnished in exchange for controlled substances constituting proceeds traceable to such exchanges, and used or intended to be used to facilitate a violation of the Controlled Substances Act, which amount includes and is no less than 4,000 Bitcoin;

b.       At least $5,665,000, in that such sum in aggregate was furnished or intended to be furnished in exchange for controlled substances and constitutes proceeds traceable

8

DJB: USAO#2016R00622

to such exchanges, and was used or intended to be used to facilitate a violation of the Controlled

Substances Act;

        c.     the 2010 Lincoln Navigator with vehicle identification number

5LMJJ2J56AEJ02388;

        d.     the residence located at 3 William Court, Sparks, Maryland;  and

        e.     the residence located at 2303  Knox Avenue, Reisterstown, Maryland.

### Money Laundering Forfeiture

    4.     Pursuant to Title 18, United States Code, Section 982(a)(1), upon conviction of

the offense alleged in Count Six, the Defendants,

**RYAN FARACE and
ROBERT SWAIN**,

shall forfeit to the United States of America, all property real or personal, involved in such

offense, and all property traceable to such property, that each of them, respectively, obtained.

    5.     The property to be forfeited includes, but is not limited to, the following:

        a.     a sum of money equal to the value of any property involved in the money

laundering offense for which each Defendant is convicted, which sum shall be at least

$5,665,000;

        b.     all property constituting the subject matter of the money laundering

offense for which each Defendant has been convicted; and,

        c.     all property used to commit or facilitate the commission of the money

laundering offense for which each Defendant has been convicted, including:

            i.  the 2010 Lincoln Navigator with vehicle identification number

               5LMJJ2J56AEJ02388;

9

DJB: USAO#2016R00622

    ii.  the 2012 GMC pick-up truck with vehicle identification number

        1GT125EG8CF149436; and,

    iii.  the residence located at 2303  Knox Avenue, Reisterstown, Maryland.

### Substitute Assets

6.    Pursuant to Title 21, United States Code, Section 853(p), if any of the property described above as being subject to forfeiture, as a result of any act or omission by the Defendants:

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred or sold to, or deposited with, a third person;

    c.    has been placed beyond the jurisdiction of the Court;

    d.    has been substantially diminished in value; or

    e.    has been comingled with other property which cannot be subdivided without difficulty,

it is the intent of the United States to seek forfeiture of any other property of the Defendants up to the value of the property charged with forfeiture in the paragraphs above, which amount is no less than $5,6650,000 plus the value of 4,000 Bitcoin.


21 U.S.C. § 853
18 U.S.C. § 982(a)(1)
28 U.S.C. § 2461(c)

DJB: USAO#2016R00622

Stephen M. Schenning
Acting United States Attorney

STEPHEN M. SCHENNING
ACTING UNITED STATES ATTORNEY

A TRUE BILL:

**SIGNATURE REDACTED**

FOREPERSON

2/22/18

DATE

11