IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CRIMINAL NO. CCB-18-018 |
| | * | |
| RYAN FARACE and | * | |
| | * | |
| ROBERT SWAIN, | * | |
| | * | |
| Defendants. | * | |
| | * | |
| ****** | | |

**CONSENT MOTION TO EXCLUDE TIME**
**PURSUANT TO THE SPEEDY TRIAL ACT**

The United States of America, by and through its attorneys, Robert K. Hur, United States Attorney for the District of Maryland and Seema Mittal, Assistant United States Attorney, hereby moves this Court for an Order concerning the Speedy Trial Act status in this case—specifically to exclude the period between **April 17, 2018,** and **August 17, 2018**, for purposes of Speedy Trial Act computation, pursuant to 18 U.S.C. § 3161(h)(7), and to make a finding pursuant to 18 U.S.C. § 3161(h)(1) and (7)(A) that the ends of justice served by continuing the trial date beyond the 70-day period normally required under 18 U.S.C. § 3161(c)(1) outweigh the best interests of the public and the Defendants in a speedy trial.  The Speedy Trial Act provides that among the factors which may be considered in making the ends of justice determination are: "[w]hether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section." 18 U.S.C. § 3161(h)(7)(B)(ii).  For the reasons set forth below, the Court should find that the parties need a longer period than is normally afforded under the Speedy Trial Act for

review of the pertinent records, conduct of plea discussions, and pre-trial preparation in the event that no agreement is reached upon a plea.  In support of this motion, the Government states as follows:

1. On January 11, 2018, a federal grand jury in the District of Maryland returned an Indictment charging defendant Ryan Farace with conspiracy to manufacture, distribute, and possess with intent to distribute narcotics, in violation of 21 U.S.C. § 846; distribution and possession with intent to distribute narcotics, in violation of 21 U.S.C. § 841; maintaining a drug-related premises, in violation of 21 U.S.C. § 856; and conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h).  The indictment also charged defendant Robert Swain with conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h).

2. Defendant Robert Swain had his initial appearance on the indictment on January 16, 2018, and defendant Ryan Farace had his initial appearance the following day, January 17, 2018.  The Speedy Trial Act clock began to elapse as to all Defendants on January 17, 2018.  *See United States v. Walker*, 116 F.3d 1474 (4th Cir. 1997).

3. On February 23, 2018, the Court granted an order excluding the time from January 17, 2018 to April 17, 2018, from the Seedy Trial clock.

4. The Government has produced over 1500 pages and 4 gigabytes of data to the defendants, which they have not yet had a chance to review in its entirety.  Additionally, there remains additional discovery to be produced.

5. In light of the volume of discovery and the unusual complexity of this case, it appears that the 70 days contemplated by the Speedy Trial Act for discovery, plea negotiations, and if necessary, trial preparation will be inadequate.  18 U.S.C. § 3161(h).

6. Plea negotiations are ongoing between the Government and defense counsel,

albeit in the early stages.  "[D]elays resulting from plea negotiations" are excludable as delays "resulting from other proceedings concerning the defendant" within the meaning of § 3161(h)(1). *United States v. Ford*, 288 Fed. App'x 54, 57-58 (4th Cir. 2008) (citing 18 U.S.C. § 3161(h); *United States v. Bowers*, 834 F.2d 607, 610 (6th Cir. 1987); and *United States v. Montoya*, 827 F.2d 143, 150 (7th Cir. 1987)). *See also United States v. Leftenant*, 341 F.3d 338, 344-45 (4th Cir. 2003) (holding time spent on plea negotiations were excludable as "other proceedings," within the meaning of § 3161(h)(1)) (citing *Bowers* and *Montoya*, among other cases, in support).

      7.      Further, a number of courts have also held that continuances to permit additional time for plea negotiations are proper under § 3161(h)(7), the provision of the Speedy Trial Act authorizing continuances where doing so will serve "the ends of justice." *See, e.g.*, *United States v. Fabian*, 798 F. Supp.2d 647, 673 (D. Md. 2011) ("[A]n 'ends of justice' exclusion is intended to cover any of various circumstances, including where . . . the government and the defendant are engaged in ongoing plea negotiations.") (citing, among others, *Ford*, 288 Fed. App'x at 58); *United States v. Fields*, 39 F.3d 439, 445 (3d Cir. 1994) ("Nothing in the language of 18 U.S.C. § 3161(h)(8) suggests that an 'ends of justice' continuance may not be granted for this purpose. . . . In current federal practice, plea negotiations play a vital role. We therefore see no reason why an 'ends of justice' continuance may not be granted in appropriate circumstances to permit plea negotiations to continue.").

      8.      As a result, and despite the exercise of due diligence by the parties, both the Government and the defendants need additional time to review case materials, engage in plea negotiations, and prepare for trial, should a trial be necessary.  In light of these considerations, the Government believes that holding a trial within 70 days would deny counsel for the defendants and the government the reasonable time necessary for effective preparation.

-4-

Accordingly, the interests of justice served by the requested exclusion of time outweigh the interests of the public and the defendants in a speedy trial.

9. The Defendants consent to this motion.

For the foregoing reasons, the Government requests that all time between April 17, 2018 and August 17, 2018 be excluded from the Speedy Trial computation pursuant to 18 U.S.C. § 3161 (h), for the purpose of plea negotiations, to take into account the complexity of the case, and to allow discovery and, if necessary, trial preparation to go forward.

A proposed Order is attached for the Court's consideration.

Respectfully submitted,

Robert K. Hur
United States Attorney

By: _____/s/_____
Seema Mittal
Assistant United States Attorney
36 South Charles St., 4th Floor
Baltimore, Maryland 21201
Tel.: (410) 209-4849
Fax: (410) 209-4800