IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | CRIMINAL NO. CCB-18-0018 |
| RYAN FARACE, | * | |
| Defendant. | * | |

*******

### PRELIMINARY ORDER OF FORFEITURE

WHEREAS, the defendant, **RYAN FARACE** pled guilty pursuant to a written plea agreement to Counts One and Six of the Superseding Indictment charging him, respectively, with conspiracy to manufacture, distribute, and possess with intent to distribute alprazolam, in violation of 21 U.S.C. § 846, and conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h);

WHEREAS, pursuant to his plea agreement, the defendant agreed that the value of the property derived from or involved in the drug trafficking and money laundering offenses alleged in Counts One and Six of the Superseding Indictment was at least $5,665,600 in U.S. currency and 4000 bitcoin, and the defendant further agreed to forfeit such sum of money and that the forfeiture could take the form of a money judgment (the "money judgment");

WHEREAS, the defendant also agreed to forfeit:

<u>2303 Knox Avenue, Reisterstown, Maryland</u>:

1. the **2010 Lincoln Navigator** with vehicle identification number 5LMJJ2J56AEJ02388 seized from 2303 Knox Avenue, Reisterstown, Maryland, on January 16, 2018 (Asset ID No. 18-DEA-638145);

2. the **2012 GMC Sierra** with vehicle identification number 1GT125EG8CF149436 seized from 2303 Knox Avenue, Reisterstown, Maryland, on January 16, 2018 (Asset ID No. 18-DEA-638151);

1

3. the **$356,200.00 in U.S. currency** seized from 2303 Knox Avenue, Reisterstown, Maryland, on January 16, 2018 (Asset ID No. 18-DEA-637916);

4. the **$20,620.00 in U.S. currency** seized from 2303 Knox Avenue, Reisterstown, Maryland, on January 16, 2018 (Asset ID No. 18-USP-000747);

5. the **$2,676.00 in U.S. currency** seized from 2303 Knox Avenue, Reisterstown, Maryland, on January 16, 2018 (Asset ID No. 18-DEA-637917);

6. the **1,040.1905 Bitcoin** seized from 2303 Knox Avenue, Reisterstown, Maryland, on January 16, 2018 (Asset ID No. 18-DEA-638816);

7. the **1,763.587678 Bitcoin Cash** seized from 2303 Knox Avenue, Reisterstown, Maryland, on January 16, 2018 (Asset ID No. 18-DEA-638860);

8. the **100.9949777 Bitcoin Gold** seized from 2303 Knox Avenue, Reisterstown, Maryland, on January 16, 2018 (Asset ID No. 18-DEA-639515);

9. the **9.915096343662 Monero** seized from 2303 Knox Avenue, Reisterstown, Maryland, on January 16, 2018 (Asset ID No. 18-DEA-639514);

10. the **assorted televisions** seized from 2303 Knox Avenue, Reisterstown, Maryland, on January 16, 2018 (Asset ID No. 18-DEA-638848);

11. the **assorted electronic equipment** seized from 2303 Knox Avenue, Reisterstown, Maryland, on January 16, 2018 (Asset ID No. 18-DEA-639487);

12. the **assorted jewelry** seized from 2303 Knox Avenue, Reisterstown, Maryland, on January 16, 2018 (Asset ID No. 18-DEA-639460);

13. the **Adam Equipment Nimbus Electronic Scale** seized from 2303 Knox Avenue, Reisterstown, Maryland, on January 16, 2018 (Asset ID No. 18-DEA-638840);

14. the **24K gold $50 American Buffalo Coin** seized from 2303 Knox Avenue, Reisterstown, Maryland, on January 16, 2018 (Asset ID No. 18-DEA-639416);

16925 York Road, Hereford, Maryland (Odin LLC):

15. the **assorted electronic equipment**, valued at the time of seizure at approximately $2,479,950.00, seized from Odin LLC, 16925 York Road, Hereford, Maryland, on January 16, 2018 (Asset ID No. 18-DEA-638482);

16. the **assorted electronic equipment**, valued at the time of seizure at approximately $53,563.86, seized Odin LLC, 16925 York Road, Hereford, Maryland, on January 16, 2018 (Asset ID No. 18-DEA-639093);

17. the **assorted electronic equipment**, valued at the time of seizure at approximately $15,384.00, seized from Odin LLC, 16925 York Road, Hereford, Maryland, on January 16, 2018 (Asset ID No. 18-DEA-638624);

18. the **assorted televisions** seized from Odin LLC, 16925 York Road, Hereford, Maryland, on January 16, 2018 (Asset ID No. 18-DEA-638741);

3 William Court, Sparks, Maryland:

 19. the **$1,181,850.00 in U.S. Currency** seized 3 William Court, Sparks, Maryland, on January 16, 2018 (Asset ID No. 18-DEA-637914);

19621 Middletown Road, Freeland, Maryland:

 20. the **77,285.81836727 DigiByte** seized from 19621 Middletown Road, Freeland, Maryland, on January 16, 2018 (Asset ID No. 18-DEA-639486);

Bank Accounts:

 21. the contents of the **Bank of America account ending x4260**, including the **$21,236.52** seized therefrom on January 16, 2018 (Asset ID No. 18-DEA-639250);

 22. the contents of the **Bank of America account ending x4904**, including the **$15,754.01** seized therefrom on January 16, 2018 (Asset ID No. 18-DEA-639254);

 23. the contents of the **Wells Fargo account ending x3507**, including the **$11,420.97** seized therefrom on January 16, 2018;

 24. the contents of the **Wells Fargo account ending x0241**, including the **$9,049.58** seized therefrom on January 16, 2018 (Asset ID No. 18-DEA-639326);

 25. the contents of the **Wells Fargo account ending x5940**, including the **$5,513.70** seized therefrom on January 16, 2018 (Asset ID No. 18-DEA-639335);

HitBTC Account(s):

 26. the **111.12480754 Bitcoin** seized on March 7, 2018, from the HitBTC account controlled by the defendant and associated with the email address *****saurus@protonmail.com:

Other Accounts/Currencies:

 27. the **353.9982 Bitcoin** that the defendant sent on March 6 and March 7, 2017, to members of law enforcement acting in an undercover capacity;

as property derived from or obtained by the defendant as a result of his offenses, or used to facilitate the commission thereof, (the "directly forfeitable property"), which are in any event "substitute assets" forfeitable pursuant to 21 U.S.C. § 853(p);

 WHEREAS the money judgment, the directly forfeitable property, and the substitute assets are referred to herein as "the Subject Property;" and

WHEREAS, the defendant agreed that entry of this order shall be made a part of the sentence in or out of the presence of the defendant and be included in the judgment in this case without further order of the Court;

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1. Pursuant to 21 U.S.C. § 853(a), 18 U.S.C. § 982(a)(1), 28 U.S.C. § 2461(c), 18 U.S.C. § 3554, and Rule 32.2(b) of the Federal Rules of Criminal Procedure, the Subject Property is hereby forfeited to the United States.

2. Upon the entry of this Order, in accordance with Rule 32.2(b)(3), the United States is authorized to seize the Subject Property, and to conduct any discovery that may assist in identifying, locating or disposing of the Subject Property, any property traceable thereto, or any property that may be forfeited as substitute assets or otherwise used to satisfy the money judgment.

3. Upon entry of this Order, the United States shall publish notice of the order and its intent to dispose of the Subject Property on the Government's internet website, www.forfeiture.gov. The United States shall also provide written notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding. *See* Rule 32.2(c). The notice must describe the forfeited property, state the times under the applicable statute when a petition contesting the forfeiture must be filed, and state the name and contact information for the Government attorney to be served with the petition. *See* Rule 32.2(b)(6). No such notice or ancillary proceeding is necessary, however, to the extent that this Order consists solely of a judgment for a sum of money. Rule 32.2(c)(1).

4. Any person, other than the above named defendant, asserting a legal interest in the Subject Property may, within thirty days of the receipt of notice, or within 60 days of the first publication of notice on the internet website, whichever is earlier, petition the court for a hearing without a jury to adjudicate the validity of her alleged interest in the Subject Property, and for an amendment of the order of forfeiture, pursuant to 21 U.S.C. § 853(n) and 28 U.S.C. § 2461(c).

5. Any petition filed by a third party asserting an interest in the Subject Property shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the Subject Property, the time and circumstances of the petitioner's acquisition of the right, title or interest in the Subject Property, any additional facts supporting the petitioner's claim and the relief sought.

6. If a petition is filed by a third party, and after the disposition of any motion filed under Rule 32.2(c)(1)(A) and before a hearing on the petition, the parties may conduct discovery in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

7. The United States shall have clear title to the Subject Property following the Court's disposition of all third-party interests, or if none, following the expiration of the period provided in 21 U.S.C. § 853(n)(2) for the filing of third party petitions.

8. Pursuant to Rule 32.2(b)(4), this Consent Order of Forfeiture shall become final as to the defendant at the time of sentencing and shall be made part of the sentence and included in the judgment. If no third party files a timely claim, this Order shall become the Final Order of Forfeiture, as provided by Rule 32.2(c)(2).

9. Insofar as this Order contains a judgment for a sum of money, the defendant shall remain personally liable until the judgment is satisfied. The Court shall retain jurisdiction to

enforce this Order, and to amend it as necessary pursuant to Rule 32.2(e) if the Government locates specific assets traceable to the offenses alleged in Counts One and Six of the Superseding Indictment, the Subject Property, or other assets subject to forfeiture as substitute assets pursuant to 21 U.S.C. § 853(p).

10. The value of any directly forfeitable property that is forfeited as the proceeds of the offense, and the value of any substitute assets, including all assets that are forfeited herein as Subject Property, shall be credited toward the satisfaction of the money judgment. Property forfeited as property used to commit or to facilitate the commission of the offense shall not be so credited.

11. The Clerk of the Court shall forward four certified copies of this order to Assistant U.S. Attorney Dana J. Brusca, U.S. Attorney's Office, 36 S. Charles Street, Baltimore, MD 21201.

Date: 11/30/2018

_____
Catherine C. Blake
United States District Judge

Respectfully requested:

_____
Dana J. Brusca
Assistant United States Attorney

_____
Ryan Parace
Defendant

_____
Warren A. Brown, Esquire
Attorney for Defendant

6