IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| v. | * | CRIMINAL NO. CCB-18-0018 |
| | * | |
| **RYAN FARACE,** | * | |
| | * | |
| Defendant. | | |
| | ****** | |

## MOTION FOR PRELIMINARY ORDER OF FORFEITURE

The United States of America, through undersigned counsel, and pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853 and 18 U.S.C. § 982, hereby requests that the Court issue an order of forfeiture, and in support states as follows:

1.  Pursuant to 21 U.S.C. Section 853(a), a person convicted of a felony drug offense including a violation of 21 U.S.C. § 846 "shall forfeit to the United States . . . (1) any property constituting, or derived from, any proceeds the person obtained, directly or indirectly, as the result of such violation; [and] (2) any of the person's property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation."

2.  Pursuant to 18 U.S.C. Sections 982(a)(1), any person convicted of any violation of 18 U.S.C. § 1956 "shall . . . forfeit to the United States any property, real or personal, involved in such offense, or any property traceable to such property."

3.  Upon conviction of these offenses, the "court shall order forfeiture" as part of the sentence in the criminal case.  28 U.S.C. 2461(c); 18 U.S.C. § 3554.

4.  Here, on October 2, 2018, defendant Ryan Farace pled guilty to Counts One and Six of the Superseding Indictment, which charged him, respectively, with conspiracy to manufacture, distribute, and possess with intent to distribute alprazolam, in violation of 21

U.S.C. § 846, and conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h). In the plea agreement, the defendant agreed that as part of his sentence the Court may enter an Order of Forfeiture of "assets directly traceable to the offense(s), substitute assets, and/or a money judgment equal to the value of the property derived from, or otherwise involved in, the offenses," which the defendant agreed was "at least $5,665,000 in U.S. currency and 4000 Bitcoin."  ECF 65 at 7.

5. The defendant further agreed to forfeit various assets, listed in the plea agreement. The defendant agreed that these assets were "derived from or obtained by the defendant as a result of his offenses,[1] or [were] used to facilitate the commission thereof." *Id.* at 7-10.

6. In the factual stipulation supporting and attached to his plea agreement, the defendant admitted shipping over 3500 packages of confirmed and suspected alprazolam from the same postal meter; that he sold over 900,000 alprazolam pills through known dark-web marketplaces; that digital currency wallets associated with Farace "received over 9,138 Bitcoin from dark-web marketplaces," that he had "4000 plus bitcoin built up," *i.e.*, saved, and that he "[n]ever really traded" Bitcoin and had "zero experience making money trading btc [Bitcoin]"; that he received through the mails at least $5,015,000 in U.S. currency, which he had exchanged for Bitcoin that he had earned from drug trafficking; that he had collected in-person another $200,000 in U.S. currency that he had exchanged for Bitcoin earned from drug trafficking, and attempted to obtain another $400,000 from the same individual; and that during the period of

---

[1] The defendant took steps to hide the dissipation of his criminal proceeds, including through the use of digital currency tumbling services.  Any assets included in the plea agreement that are not directly traceable to the defendant's criminal proceeds are therefore substitute assets within the meaning of 21 U.S.C. § 853(p) because the proceeds themselves cannot be found after the exercise of due diligence.

drug trafficking conspiracy alleged the defendant had no appreciable source of lawfully earned income.  *Id.* at 14-19.

7. Pursuant to Rule 32.2(b)(2), "[i]f the court finds that property is subject to forfeiture, it must promptly enter a preliminary order of forfeiture setting forth the amount of any money judgment, directing the forfeiture of specific property, and directing the forfeiture of any substitute property if the government has met the statutory criteria.  The court must enter the order without regard to any third party's interest in the property."  Fed. R. Crim. P. 32.3(b)(2).  "At sentencing . . . the order of forfeiture becomes final as to the defendant and must be made a part of the sentence and be included in the judgment."  Fed. R. Crim. P. 32.3(b)(3).

**WHEREFORE**, the United States requests that as part of the defendant's sentence this Court enter an order a forfeiture in the amount of **$5,665,000 in U.S. currency and 4,000 Bitcoin**, **and further requests the forfeiture to the United States of the specific property listed in the plea agreement**.  A proposed order is attached herewith for the Court's convenience.

            Respectfully submitted,

            Robert K. Hur
            United States Attorney


       By: _____/s/_____
          Dana J. Brusca
          Assistant United States Attorney
          36 South Charles Street, 4th Floor
          Baltimore, Maryland 21201
          (410) 209-4800

Dated: May 8, 2019